**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| Gerri Cherry, Personal Representative of the Estate of Alonzo Smith, Deceased | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:17-cv-02263-ABJ |
| The District of Columbia, *et al.* | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT BLACKOUT INVESTIGATION & SECURITY SERVICES, INC.'S SECOND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND REQUEST TO EXTEND TIME FOR SERVICE ON DEFENDANT BLACKOUT INVESTIGATION & SECURITY SERVICES, INC.**

COMES NOW Plaintiff Gerri Cherry ("Cherry"), Personal Representative of the Estate of Alonzo Smith, Deceased, by and through John J. Yannone and Price Benowitz LLP and files this Motion in Opposition to Defendant Blackout Investigation & Security Services, Inc.'s ("Blackout") Motion to Dismiss for Insufficient Service of Process., pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b), and for reason states as follows:

**Facts**

1. Plaintiff Cherry filed her Complaint against, *inter alia*, Defendant, Blackout on October 31, 2017. (Dkt. No. 1).

2. This Court issued a Summons to Defendant Blackout on November 6, 2017. (Dkt. No. 2).

3. Plaintiff Cherry listed CT Corporation System's address as the registered agent of Blackout on her Complaint, and a private process server served Defendant Blackout at CT

Corporation System, R.A., 1015 15th Street, NW, Suite 1000, Washington, D.C. 20005.[1] CT Corporation System accepted service on behalf of Defendant Blackout on January 26, 2018. *See* Exhibit 1, Affidavit of Service to Defendant Blackout Investigation and Security Services, Inc.

4. Plaintiff Cherry filed their private process server's executed Affidavit of Service upon CT Corporation System with this Court on January 29, 2018. (Dkt. No. 12).

5. On January 27, 2018, CT Corporation System sent a letter by regular mail, received after January 29, 2018, stating that it was not the registered agent for an entity by the name of Blackout Investigation and Security Services, Inc. See Exhibit 1, Letter from CT Corporation System.

6. Defendant Blackout does not have a registered agent in Washington, D.C., pursuant to D.C. Code §§ 29-104.02 and 29-105.02(a), even though Defendant Blackout transacted business by and through its agents, servants, and/or employees in the District of Columbia on November 1, 2015, which is the date of Decedent Alonzo Smith's death.

7. Plaintiff attempted service twice at Defendant Blackout's principal place of business in Waldorf, Maryland. *See* Exhibit 2.

8. The first attempted service was on a Saturday, and the second attempted service was on a weekday at approximately 3:21 p.m. in the afternoon.

9. The second affidavit of attempted service mistakenly says service was attempted at 3:21 *a.m.*, which our process server admits is a typographical error on his part.

10. Plaintiff then served Maryland State Department of Assessments and Taxation on March 28, 2018, as per Maryland Rule 3-124, for substitute service. *See* Exhibit 3.

---

[1] Plaintiff confused the resident agent of a similarly named entity, namely Blackout Security Services, LLC (not Inc.), where the resident agent is listed as Lorenzo P. Barrett Jr. at the address of CT Corporation System.

11. On April 10, 2018, Defendant Blackout filed the instant Motion to Dismiss. (dkt. No. 32).

12. Since Defendant Blackout's filing of the instant Motion to Dismiss, Plaintiff has attempted service at Defendant Blackout's principal place of business multiple times. *See* Exhibit 4.

13. On three occasions, Plaintiff's process server arrived at the business, and Defendant's staff stated that the proper person to accept service, Guy Black, is not at the office. Plaintiff's process server left his phone number with the staff to arrange a time to properly serve Defendant.

14. On two occasions, Plaintiff's process server called Defendant's business to arrange a time for him to come in and properly serve Defendant. On both occasions, staff stated that Guy Black was not in the office. Plaintiff's process server instructed the staff to call him back. On the second occasion, staff acknowledged that they had given the message to Guy Black.

15. To date, neither Guy Black nor anyone from Defendant's staff has returned the phone call of Plaintiff's process server to effectuate proper service.

16. Plaintiff respectfully requests that this Court deny Defendant's Motion and either accept Plaintiff's previous service of Defendant Blackout via the Maryland State Department of Assessments and Taxation or grant an Extension of Time to serve Defendant Blackout via the Maryland State Department of Assessments and Taxation.

## **Applicable Law**

The Court of Appeals for the District of Columbia has held that a plaintiff can show good cause to warrant an extension of time to effect service pursuant to Rule 4(m) or "even some cause warranting a discretionary extension." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012). The court cited the Advisory Committee note for Rule 4(m) stating that district courts have discretion

to extend the time for effectuating and filing proof of service even if the plaintiff fails to demonstrate good cause. *Id.* at 375; *see also* Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m). The court cites *United States v. McLaughlin* from the Court of Appeals for the Seventh Circuit as an example when a district court should use its inherent discretion to extend time for a plaintiff to effectuate service. *Id.* at 376. In *McLaughlin*, the court held that the wisdom of Rule 4(m) is that it allows "a judge to excuse a delay in service even if the plaintiff has no excuse at all." *United States v. McLaughlin* 470 F.3d 698, 701 (7th Cir. 2006). Additionally, when the delay in service causes zero prejudice to the defendant or third parties, the court's granting of extensions for time of service cannot be an abuse of discretion. *Id.* If a plaintiff can plead that an extension of time is necessary on the grounds that the statute of limitations would bar refiling the complaint, a plaintiff can establish some cause warranting extension. *Mann*, 681 F.3d at 376.

## Argument

### Good Cause

At the time of the filing of the instant motion., Plaintiff Cherry was under the impression that she had properly served Defendant Blackout. She had attempted service twice at Defendant Blackout's principal place of business. On the first attempt of service, on Saturday, March 17, 2018, Plaintiff's process server was not aware of Defendant Blackout's business hours and was not attempting to circumvent his duty to make good faith efforts to serve Defendant Blackout. The second attempt at service was on a Tuesday afternoon at 3:21 p.m. Plaintiff's process server made a typographical error when he stated in the affidavit that it was attempted at 3:21 a.m. Plaintiff's process server, Officer William V. Caldwell II, will submit an amended affidavit explaining this error at the court's request. Officer Caldwell recently had a death in his family and has been unavailable to submit said amended affidavit.

After the two good faith attempts at service, Plaintiff properly served the Maryland State Department of Assessments and Taxation. *See* Exhibit 3.

**Evasion of Service**

If this Court rules that Plaintiff Cherry has not shown good cause up to the date of filing of the instant Motion to Dismiss, Plaintiff argues that Defendant Blackout's evasion of service since the filing of the instant motion on April 10, 2018 demonstrates bad faith on their part to resolve the present matter.

On April 13, 2018, Plaintiff's process server attempted service at Defendant Blackout's principal place of business. *See* Exhibit 4. The staff informed the process server that the servee, Guy Black, was not available. The staff could not provide any additional information. Plaintiff's process server left a message for the servee to call him to schedule a proper time for service. Plaintiff's process server never received a call.

On April 16, 2018, and April 17, 2018, Plaintiff's process server called the business to schedule a time to properly serve the servee. The staff stated that the servee was not in the office, but that they would relay the message regarding scheduling a time for proper service. On the April 17, 2018 phone call, a member of Defendant's staff affirmed that they had given the servee the message.

On April 19, 2018 and April 20, 2018, Plaintiff's process server again attempted to serve Defendant Blackout in person. Plaintiff's process server was told that the servee was not available and no one else could accept service. Staff was not able to provide any additional information. On each occasion, Plaintiff left a message for the servee to call him back to schedule a time for proper service. To date, Plaintiff's process server has not received a phone call from Defendant for scheduling.

These actions by Defendant Blackout exhibit a clear intent to evade proper service and is evidence of bad faith. Plaintiff has made numerous good faith attempts to properly serve Defendant Blackout, all of which have been unsuccessful because of the bad faith evasion of service by Defendant Blackout. Defendant's instant motion should therefore be denied as Defendant Blackout has exhibited bad faith in their evasion of proper service.

**Court's Discretion**

If this Court finds that Plaintiff did not show good cause, and that Defendant's evasion of service is moot, Plaintiff Cherry prays that this Court uses its discretion to extend time for service of process. This Court has previously ruled that "[a]bsent a showing of good cause, the district court has discretion to extend the time for service of process." *Colston v. First Guarantee Commercial Mortg. Corp.*, 665 F. Supp. 2d 5, 8 (D.D.C. 2009). If this Court finds that Plaintiff Cherry has failed to show good cause for failing to effect timely service pursuant to Fed. R. Civ. P. 4(m), this Court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* This Court's "exercise of its discretion pursuant to Rule 4(m) is guided by Rule 6(b)(2)'s requirement that 'excusable neglect' be found or by equitable factors."[2] *Mann*, 681 F.3d at 376 (comparing *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005) with *United States v. McLaughlin*, 470 F.3d 698 (7th Cir. 2006)).

To establish "excusable neglect," Plaintiff Cherry must satisfy two elements. First, Plaintiff Cherry "must demonstrate that [her] failure to meet the deadline was a case of neglect." *Turner*, 412 F.3d at 650. Second, the movant must establish that the failure to act was excusable:

[2] Fed. R. Civ. P. 6 (b) Extending Time.
(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

> The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, 388 (1993)).

With respect to Defendant Blackout, Plaintiff Cherry's failure to meet this Court's deadline to perform proper service of process is an excusable case. Plaintiff Cherry attempted service multiple times at Defendant's principal place of business. Furthermore, Plaintiff Cherry acted in good faith.

The delay will not prejudice any of the Defendants, including Blackout, because the brief delay will not seriously impair the gathering of evidence by death or disappearance of witnesses, fading memories, or disappearance of documents. After Decedent Alonzo Smith's death, the United States Department of Justice ("Department of Justice") investigated Mr. Smith's death to determine whether the Metropolitan Police Department Officers violated Decedent Alonzo Smith's civil rights. The Department of Justice's investigation collected many documents and videos that would be able to refresh any loss of memory and has preserved a significant amount of evidence. This investigation will ensure that all Defendants will not be prejudiced by the Extension of Time to Serve all Defendants until May 24, 2018. Therefore, the delay to serve process upon Defendant Blackout will not burden all Defendants with unfair prejudice due to the limited delay.

Extending time to serve Defendant Blackout, will not significantly impact judicial proceedings. The length of delay, thirty days, is brief unlike the delay in *Garlington*, which was seven-months. *Garlington*, 62 F. Supp. 3d 24. This Court extended the time for service because Plaintiff Cherry has shown good cause for her failure to serve Defendant Blackout. Since this Court has already extended time for service, this Court has inherently ruled that the limited delay

will not be prejudicial. The Courts granting of the extended time for service upon Blackout will be a limited delay and will not significantly impact the judicial proceedings.

If the Defendant Blackout's Motion is granted, the Plaintiff will suffer absolute prejudice as the Statute of Limitations has expired and she will be forever time barred from pursuing her claims against all of the proper defendants. Since the delay in service with respect to Blackout will not unfairly prejudice any of the Defendants to this matter, Defendant Blackout's Motion to Dismiss should be denied and Plaintiff Cherry's request to Extend Time for Service of Defendant Blackout Investigation and Security Services, Inc, be granted.

WHEREFORE, as Plaintiff has set forth the necessary requirement of showing good cause and excusable neglect, Plaintiff respectfully prays:

A. That this Honorable Court deny Defendant's Motion to Dismiss;

B. Accept Plaintiff's service on Maryland State's Department of Assessments & Taxation as valid against Defendant Blackout Investigation & Security Services, Inc.; or

C. Grant Plaintiff's Motion to Extend Time to Serve Defendant Blackout Investigation & Security Services, Inc. via Maryland State Department of Assessments and Taxation;

D. Grant an oral hearing; and

E. For such other and further relief as this Honorable Court deems necessary and proper.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By: _____*/s/*_______________________

John J. Yannone, Esq. (DC Bar #452458)
John@Pricebenowitzlaw.com
409 7th Street, N.W., Suite 200
Washington, D.C. 20004
(202) 417-6015
(301) 244-6659 (f)
*Attorney for Plaintiff*

**IN THE U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **Gerri Cherry, Personal Representative Of the Estate of Alonzo Smith, deceased** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civ. Action No.: 1:17- cv-02263-ABJ** |
| **The District of Columbia, *et al.*** | ) | |
| **Defendant.** | ) | |

**STATEMENT OF POINTS AND AUTHORITIES**

COMES NOW, Plaintiff Gerri Cherry, Personal Representative of the Estate of Alonzo Smith, deceased, by and through her attorneys, John J. Yannone and Price Benowitz, LLP, files this statement of points and authorities in support of her Motion in Opposition to Defendant's Motion to Dismiss and Motion for Extension of Time against Defendant, Blackout Investigation & Security Services, Inc.,:

1. Fed. R. Civ. P. 4.
2. Fed. R. Civ. P. 6.
3. D.C. Code § 29-104.02.
4. D.C. Code § 29-105.02(a).
5. M.D.R. 3-124 (o).
6. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
7. *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380 (1993).
8. *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

9. *Garlington v. Dist. of Columbia Water & Sewer Auth.*, 62 F. Supp. 3d 23 (D.D.C. 2014).
10. *Mann v. Castiel*, 681 F.3d 368 (D.C. Cir. 2012).
11. *Colston v. First Guarantee Commercial Mortg. Corp.*, 665 F. Supp. 2d 5 (D.D.C. 2009).
12. *United States v. McLaughlin*, 470 F.3d 698 (7th Cir. 2006).
13. *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005).
14. The record contained herein.
15. The inherent powers of this Court.

Respectfully Submitted,

**PRICE BENOWITZ, LLP**

By: __________**/s/**__________________________

John J. Yannone, Esq. (DC Bar # 452458)
John@pricebenowitzlaw.com
409 7th Street, NW, Suite 200
Washington, D.C. 20004
(202) 417-6015 (p)
(301) 244-6659 (f)
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I Hereby certify on this 24th day, of April, 2018, a true copy of the foregoing was served electronically through the ECF Court Filing System to:

Margaret Fonshell Ward (422906)
Ward & Herzog, LLC
102 W. Pennsylvania Avenue, Suite 401
Baltimore, MD 21204
410-296-1573
***Counsel for Defendants***
***Blackout Investigation & Security Services, Inc. &***
***Alonzo Wilson***

Karl A. Racine, Esquire
Attorney General of the District of Columbia
441 4th Street, NW
Washington, DC 20001
***Counsel for the District of Columbia***

Andrew J. Marcus
Bonner, Kiernan, Trebach & Crociata, LLP
1233 20th Street, NW, 8th floor
Washington, DC 20036
***Counsel for MM-PPH, LLC 7***
***Vantage Management, Inc.***

/s/ *John J. Yannone*
John J. Yannone

**IN THE U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **Gerri Cherry, Personal Representative Of the Estate of Alonzo Smith, deceased** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civ. Action no.: 1:17- cv-02263-ABJ** |
| **The District of Columbia, *et al.*** | ) | |
| **Defendant.** | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and a Motion to Extend Time for Service of Defendant Blackout Investigation & Security Services, Inc., it is this _____ day of April, 2018, by the United States District Court for the District of Columbia,

ORDERED, that Defendants' Motion is denied and that the time for the Plaintiff to serve Defendant Blackout Investigation & Security Services, Inc. and file Affidavits of Service is hereby extended to and including May 24, 2018.

___________________________
Judge Amy Berman Jackson